## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ZEFLON LLC.,

             Plaintiff,

v.

EN CORP USA, ENCORP SWITZERLAND
AG, and DOES 1 to 10, inclusive,

          Defendants.

CASE NO.: 22–cv–23661

## DEFENDANT EN CORP USA'S MOTION TO DISMISS PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)

<u>Table of Contents</u>

BACKGROUND .................................................................................................................. 1

ARGUMENT ...................................................................................................................... 3

   A.  Legal Standard ...................................................................................................... 3

   B.  The Court Lacks Personal Jurisdiction Over EN Corp USA ................................ 4

     1.  This Court does not have direct personal jurisdiction over EN Corp USA .................... 4

       (a)   Fla. Stat. § 48.193(1)(a)(9) is not applicable ................................ 5

       (b)   Fla. Stat. § 48.193(1)(a)(2) is not applicable ................................ 6

     2.  This Court does not have personal jurisdiction over EN Corp USA on the basis of the alter ego doctrine ................................................................................... 7

     3.  Exercising personal jurisdiction over EN Corp USA would violate due process ........... 9

   C.  Plaintiff Fails to State a Claim Against EN Corp USA upon which relief can be granted 10

     1.  Plaintiff fails to state a claim for breach of contract (Counts I and II) .......................... 10

     2.  Plaintiff fails to state a claim for conversion(Count III) ................................ 11

     3.  Plaintiff fails to state a claim for civil theft (Count IV) ................................ 12

     4.  Plaintiff fails to state any claims against EN Corp USA pursuant to the alter ego theory ……………………………………………………………………………………14

CONCLUSION .................................................................................................................. 16

CERTIFICATE OF SERVICE .......................................................................................... 17

<u>**Table of Authorities**</u>

<u>**Page(s)**</u>

**Cases**

*Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-cv-380, 2019 WL 12043580, at *3 (M.D.

Fla. Aug. 2, 2019)...............................................................................................................8

*Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc.*, 777 F.2d 1504, 1507 (11th

Cir. 1985) .........................................................................................................................11

*Am. Seafood, Inc. v. Clawson*, 598 So.2d 273, 274 (Fla. 3d DCA 1992).....................................14

*Ames v. Provident Life & Accident Ins. Co.*, 942 F. Supp. 551, 560 (S.D. Fla. 1994), aff'd, 86

F.3d 1168 (11th Cir. 1996).................................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ..................................................................................4

Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998)..................................................7

*Benson v. QBE Ins. Corp.*, 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014)........................................4

*Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-cv-80134, 2014 WL 125802559, at *5 (S.D.

Fla. June 27, 2014) ..............................................................................................................6

*Casita, LP v. Maplewood Equity Partners*, 960 So. 2d 854, 857 (Fla. 3rd DCA 2007)................6

City of Cars, Inc. v. Simms, 526 So.2d 119, 120 (Fla. 5th DCA1988), rev. denied, 534 So.2d 401

(Fla.1988) ..........................................................................................................................13

*Clark v. Ashland, Inc.*, 2:13-cv-794, 2014 WL 2199643, at *3 (M.D. Fla. May 27, 2014) .........14

*Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1169 (11th Cir. 2009).......................................6

*Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). ........................................4

*Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017)........................10

*Del Monte Fresh Produce v. Dole Food Company*, 136 F.Supp.2d 1271 (S.D. Fla. 2001 ..........11

*Douglas v. Braman Porsche Audi, Inc.*, 451 So. 2d 1038, 1039 (Fla. 3d DCA 1984) ................ 11

*Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010)....................................................... 9

*Gasparini v. Pordomingo*, 972 So.2d 1053, 1056 (Fla. 3d DCA 2008) ...................................... 13

*Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So. 2d 490, 495 (Fla. 3d DCA 1994).................... 13

*Healy v. Suntrust Serv. Corp.*, 569 So.2d 458, 460 (Fla. 5th DCA 1990) ................................... 14

*Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So. 2d 533, 536 (Fla. 2d DCA 2002)............................................................................................................................. 9

*Iqbal*, 556 U.S. at 678 .......................................................................................................... 4

*Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018)........................ 3

*Johnson v. New Destiny Christian Ctr. Church, Inc.*, 303 F. Supp. 3d 1282, 1286 (M.D. Fla. 2018)............................................................................................................................. 7

*K3 Enterprises, Inc. v. Sasowski*, 20-cv-24441, 2021 WL 8363506, at * 7(S.D. Fla. Nov. 22, 2021)............................................................................................................................ 11

*La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). ...................................... 4

*Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04–CV–60602, 2006 WL 4590705, at *5 (S.D.Fla. Apr.14, 2006)..................................................................................................... 4

*Leesburg Cmty. Cancer Ctr. v. Leesburg Reg'l Med. Ctr., Inc.*, 972 So. 2d 203, 205 (Fla. 5th DCA 2007) .................................................................................................................... 10

*Longhi v. AMG Fin. Group, Inc*., 19–cv–23047, 2020 WL 7481167, at *3 (S.D. Fla. Jan. 24, 2020), report and recommendation adopted, 19–cv–23047, 2020 WL 7481169 (S.D. Fla. Feb. 27, 2020).................................................................................................................... 13

*Misabec Mercantile, Inc. de Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 838 (11th Cir. 1988)...................................................................................... 12

*Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373-74 (S.D. Fla. 2011).................................................................................................................. 8

*Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015)..................................................................................................................... 3

*Parisi v. Kingston*, 314 So. 3d 656, 664 (Fla. 3d DCA 2021) ...................................... 7

*Petrovic v. Princess Cruise Lines, Ltd.*, No. 12–CV–21588, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012)........................................................................................................... 4

*Rautenberg v. Falz*, 193 So. 3d 924, 940 (Fla. 2d DCA 2016).................................... 6

*S-Fer Int'l, Inc. v. Stonesheets, LLC*, 14-cv-24662, 2016 WL 8808749, at *4 (S.D. Fla. July 22, 2016)................................................................................................................. 14

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ........................ 5

*Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) ........................ 5

*WH Smith, PLC v. Benages & Assocs., Inc.*, 51 So. 3d 577, 583 (Fla. 3d DCA 2010)................. 8

## **Statutes**

Fla. Stat.§ 48.193(1)(a)(2) .......................................................................................... 5, 6

Fla. Stat.§ 48.193(1)(a)(9) .......................................................................................... 5, 6

Fla. Stat.§ 685.102 .......................................................................................................... 6

Fla. Stat.§ 812.014(1).................................................................................................... 15

Fed. R. Civ. P. 12(b)(6)................................................................................................. 17

Fla. Stat. § 48.193(1)(a)(9) ............................................................................................ 5

Defendant EN Corp USA, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and the order of the Court granting it explicit permission to do so (ECF No. 21), moves to dismiss the Complaint of Plaintiff Zeflon LLC ("Plaintiff") (ECF No. 1), with prejudice, and, in support, states as follows:

## BACKGROUND

Plaintiff, a Delaware limited liability company with its principal place of business in Miami Beach, Florida, filed this action on November 8, 2022, asserting claims of breach of contract, breach of Settlement Agreement, conversion, and civil theft against two named Defendants: EN Corp USA and ENCorp Switzerland AG ("ENCorp Switzerland"). Despite a similarity in name, EN Corp USA and ENCorp Switzerland are separate and distinct companies with distinct corporate structures and different business objectives, with their respective places of business on separate continents and with no overlapping officers, directors or employees. Neither company is a parent or subsidiary of the other. As the Complaint correctly alleges, EN Corp USA was a Texas corporation with its principal place of business in El Paso, Texas.

According to the Complaint, Plaintiff contracted with Defendants for the purchase of five hundred thousand (500,000) Flowflex Rapid Antigen Over the Counter Kits ("Antigen Kits") for a total purchase price of $2,175,000 ("Escrow Amount"), to be deposited into an escrow account. The Complaint fails to specify who acted on behalf of which Defendant in arranging this transaction. The understanding was formalized in the October 27, 2021 Escrow Agreement and Appendix A thereto, which was initialed and signed by Plaintiff's CEO Eliezer Nerenberg, ENCorp Switzerland's owner and principal, Benjamin Zabary, and the Escrow Agent David Aboudi of Aboudi Legal Group PLLC (ECF No. 1-3, Exhibit C).

In or around July 2022, after Plaintiff transferred the Escrow Amount into the escrow account but did not receive the Antigen Kits within the agreed period, Plaintiff negotiated a Settlement Agreement with Mr. Zabary for the repayment of $217,000.  While the Escrow Agent already returned the remainder of the Escrow Amount to Plaintiff, $217,000 ("Settlement Payment"), which constitutes the 10% of the Escrow Amount that was already released by the Escrow Agent, remained unrefunded.  This Settlement Agreement was signed by Mr. Nerenberg on behalf of Plaintiff and by Mr. Zabary on behalf of ENCorp Switzerland (ECF No. 1-1, Exhibit A).  It is clear on the face of the document that EN Corp USA did not sign the Settlement Agreement as there remains a blank space where EN Corp USA's CEO, Enrique Garcia ("Mr. Garcia"), was expected to sign.  It is also clear that Mr. Zabary's signature expressly provides that he is signing as a representative of ENCorp Switzerland as shown by the stamp.

EN Corp USA was not a party to the transaction in any way.  *See* ¶¶ 28 - 44 of the January 19, 2023 Declaration of Enrique Garcia in Support of Defendant EN Corp USA's Motion to Dismiss ("Garcia Declaration").  It neither participated in, signed, initialed or otherwise agreed to the Escrow Agreement.  ¶¶ 28-40.  EN Corp USA did not benefit from the Escrow Agreement in any manner.  ¶¶ 36-37.  In fact, Mr. Garcia did not become aware of this transaction until April 2022.  ¶ 33.  Similarly, EN Corp USA, which was by then a defunct entity, did not engage in any settlement discussions and neither signed, initialed or otherwise agreed to the Settlement Agreement.  ¶¶ 41-44.

The Complaint attempts to gloss over EN Corp USA's absence from the transaction by baldly alleging that EN Corp USA and ENCorp Switzerland are alter egos.  However, Plaintiff utterly fails to provide any justification or evidence for its alter ego argument and merely makes one conclusory statement to this effect in the Complaint (ECF No. 1 at ¶ 4).  Accordingly, Plaintiff

mischaracterizes the harm it alleges it has suffered by attributing the breach-of-contract misconduct to both ENCorp entities collectively, despite the fact that EN Corp USA was never a party to this transaction.  Indeed, with the exception of paragraph 11, where Plaintiff alleges to have entered into the Escrow Agreement with Defendant, without specifying which Defendant, all references in the Complaint are to the collective "Defendants," without distinguishing what each of the named Defendants is alleged to have done.  It is plain that Plaintiff engages in collective pleading and fails to specify the actions of each named Defendant as a deliberate tactic.  Knowing full well that EN Corp USA was not involved but anticipating the challenges of litigating against a foreign entity, it chose to obfuscate the Defendants to bring a US entity into these proceedings in hopes of easier recovery.

## ARGUMENT

EN Corp USA brings this motion to dismiss the Complaint in its entirety and with prejudice because (i) the Complaint has failed to allege facts to show personal jurisdiction over EN Corp USA; and (ii) the Complaint has failed to state any claims upon which relief can be granted.

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a "short and plain statement" of his claim in order to give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015). When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents which are central to or referred to in the complaint, and matters judicially noticed.  *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th

Cir. 2004).  Courts must accept all factual allegations as true, and view the facts in a light most favorable to the plaintiff.  *Id.* (internal citations omitted).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, therefore, a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Benson v. QBE Ins. Corp.*, 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014) (citing *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)). "Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level."  *Id.* (internal quotation marks and citations omitted).

Courts in this jurisdiction uniformly dismiss complaints that plead in the collective against all defendants and fail to set forth individual acts of the individual defendants, as is the case here. *See, e.g., Petrovic v. Princess Cruise Lines, Ltd.*, No. 12–cv–21588, 2012 WL 3026368, at \*3 (S.D. Fla. July 20, 2012) (stating that "a complaint that lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct fails to satisfy Rule 8" and dismissing the complaint on that basis) (internal citations omitted); *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04–cv–60602, 2006 WL 4590705, at \*5 (S.D. Fla. Apr. 14, 2006) (dismissing complaint against certain defendants due to indistinguishable collective pleading).

## B.  The Court Lacks Personal Jurisdiction Over EN Corp USA

### 1.  This Court does not have direct personal jurisdiction over EN Corp USA

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of

jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Importantly, the allegations must be factual and cannot be conclusory. *See id.* at 1275-77 & n.16. If a plaintiff meets this initial burden, a defendant is entitled to challenge the truth of the allegations contained in the complaint through affidavits, thereby shifting the burden back "to the plaintiff to produce evidence supporting jurisdiction." *Id.* at 1274 (internal quotation and citation omitted).

A "federal court sitting in diversity undertakes a two-step inquiry to determine whether personal jurisdiction exists." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). "First, the exercise of jurisdiction must be appropriate under the forum state's long-arm statute." *Id.* Second, exercises of jurisdiction authorized by Florida law "must comport with due process." *Id.*

Though the Complaint does not cite the applicable sections of the Florida long-arm statute, it is presumed that Plaintiff relies on Fla. Stat. § 48.193(1)(a)(9)) (entering into a contract that complies with § 685.102) and Fla. Stat. § 48.193(1)(a)(2) (committing a tortious act in Florida) to establish this Court's jurisdiction over EN Corp USA. Neither section affords jurisdiction over EN Corp USA in the present circumstances.

**(a) Fla. Stat. § 48.193(1)(a)(9) is not applicable**

With regard to Fla. Stat. § 48.193(1)(a)(9), Plaintiff relies on the governing law/venue clause in paragraph 6 of the Settlement Agreement, which indicates that the parties thereto agreed to this Court's jurisdiction to resolve any dispute arising out of it.[1] As is clear from the four corners of the Complaint and Exhibit A thereto, (ECF Nos. 1 and 1-1), EN Corp USA never executed,

---

[1] The first cause of action against EN Corp USA for a breach of the Escrow Agreement must be dismissed for lack of personal jurisdiction because it does not contain a Florida governing law/venue clause. The Complaint is wholly devoid of any allegations with regard to this cause of action that would render the exercise of personal jurisdiction appropriate under Florida's long-arm statute.

initialed or otherwise agreed to it.  Plaintiff attempts to gloss over this difficulty by lumping EN Corp USA and ENCorp Switzerland together and proclaiming that all Defendants (again collectively) were parties to the Settlement Agreement.    There is no basis for this assertion. Because EN Corp USA never agreed to the governing law/venue clause in the Settlement Agreement, this Court cannot establish jurisdiction on the basis of Fla. Stat. § 48.193(1)(a)(9).  *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1169 (11th Cir. 2009)(establishing the general rule that non-signatories are not bound to the terms of an agreement).

**(b) Fla. Stat. § 48.193(1)(a)(2) is not applicable**

Plaintiff's inchoate suggestion that Fla. Stat. § 48.193(1)(a)(2) confers jurisdiction over EN Corp USA for its alleged torts of conversion and civil theft is equally unavailing.  Though Plaintiff attempts to bring EN Corp USA into this litigation by indiscriminately attributing all actions to all Defendants, the Complaint fails to allege a single specific act committed by EN Corp USA.  Florida case law clearly establishes that the critical inquiry in establishing jurisdiction through this prong of the long-arm statute requires a finding that the tort be committed in Florida.  *See Casita, LP v. Maplewood Equity Partners*, 960 So. 2d 854, 857 (Fla. 3rd DCA 2007) ("statute expressly requires that the tort be committed in Florida"); *Rautenberg v. Falz*, 193 So. 3d 924, 940 (Fla. 2d DCA 2016) (establishing that the significant aspect of this analysis is "where a defendant's tortious conduct occurred" and not where a plaintiff was damaged (internal citation omitted).  Yet as the Complaint specifies no actions by EN Corp USA, much less so any actions that took place in Florida, Plaintiff cannot establish this Court's personal jurisdiction over EN Corp USA under this provision.  *See, e.g.*, *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14–cv–80134, 2014 WL 12580259, at *5 (S.D. Fla. June 27, 2014) (concluding that the complaint in question failed to present a *prima facie* case of personal jurisdiction over a specific defendant where it

indiscriminately lumped the defendants together without detailing what actions that defendant allegedly took).

### 2. This Court does not have personal jurisdiction over EN Corp USA on the basis of the alter ego doctrine

It is assumed that, because EN Corp USA had no involvement whatsoever with the matter at hand, and the Complaint fails to allege a single specific action by EN Corp USA, Plaintiff alternatively hopes to establish personal jurisdiction over it on the basis of the alter ego doctrine. As a general principle, Florida courts only pierce corporate veils in extreme circumstances, and those who seek to pierce the corporate veil carry a "very heavy burden." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 303 F. Supp. 3d 1282, 1286 (M.D. Fla. 2018) (internal citation and quotation omitted).  Nevertheless, in Florida, the "the alter ego theory of long-arm jurisdiction exists as a limited exception to the general, two-step process for establishing long-arm jurisdiction…." *Bellairs v. Mohrmann*, 716 So. 2d 320, 322 (Fla. 2d DCA 1998) (footnote omitted).

It is well-established that, under the alter ego doctrine of personal jurisdiction, the complaint must allege facts sufficient to pierce the corporate veil of the resident corporation.  *Id.* To meet this burden, the complaint must contain allegations demonstrating both that the corporation is the "mere instrumentality" of the nonresident defendant (whether an individual or another corporation) and that the nonresident defendant engaged in "improper conduct in the . . . use of the corporation." *Parisi v. Kingston*, 314 So. 3d 656, 664 (Fla. 3d DCA 2021) (internal citation omitted).  Specifically, to establish personal jurisdiction over EN Corp USA under the alter ego theory in this case, Plaintiff must allege facts in the Complaint showing that: (i) EN Corp USA dominated and controlled ENCorp Switzerland, which executed both the Escrow and

Settlement Agreements, to such an extent that the latter's independent existence was non-existent and it was the former's alter ego; (ii) EN Corp USA used the legal form fraudulently or for an improper purpose[2]; and (iii) EN Corp USA's fraudulent or improper use of ENCorp Switzerland's legal form caused injury to Plaintiff. *Id.*; *see also Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373-74 (S.D. Fla. 2011) (dismissing the relevant counts of the complaint for failure to properly plead the elements required to pierce the corporate veil).

The Complaint does not come close to satisfying these requirements.  Paragraph 4 of the Complaint merely states, without more, that, upon information and belief, the two entities are alter egos of each other.  It fails to allege any of the elements necessary for piercing the corporate veil. To the contrary, the Garcia Declaration clearly demonstrates that ENCorp Switzerland and EN Corp USA were distinct entities, each operated by different individuals and without any say in the decision-making of one another.  ¶¶ 11-27.   Neither corporation was a parent or subsidiary of the other.  ¶ 12.[3]   Conclusory allegations of alter ego status, such as the one present in the Complaint, are routinely found to be insufficient in establishing personal jurisdiction and cannot serve as the basis for personal jurisdiction in the present matter. *See, e.g., Parisi*, 314 So. 3d 656 (ordering the trial court to dismiss the complaint for failure to establish personal jurisdiction on the basis of vague and conclusory allegations claiming applicability of the alter ego doctrine).

---

[2] As the Garcia Declaration demonstrates, it does appear that there was fraudulent use of Mr. Garcia's signature and EN Corp USA's corporate stamp by ENCorp Switzerland, without the knowledge or consent of EN Corp USA.

[3] To the extent this argument can be inferred from the Complaint, causing a breach of contract is, in any event, not an improper purpose that justifies piercing the corporate veil. *WH Smith, PLC v. Benages & Assocs., Inc.*, 51 So. 3d 577, 583 (Fla. 3d DCA 2010) (per curiam); *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18–cv–380, 2019 WL 12043580, at *3 (M.D. Fla. Aug. 2, 2019).

### 3.   Exercising personal jurisdiction over EN Corp USA would violate due process

In addition to failing to satisfy the requirements of the Florida long-arm statute, Plaintiff's claims against EN Corp USA fail under the due process prong of the inquiry into whether personal jurisdiction exists.   While it is well-established that "if Florida's long-arm statute does not provide a basis for  personal jurisdiction under the initial statutory prong of this inquiry, the constitutional analysis is unnecessary" *see, e.g., Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So. 2d 533, 536 (Fla. 2d DCA 2002), we nevertheless briefly consider the demands of the due process inquiry.   To comply with this Constitutional requirement, a plaintiff must satisfy three elements: (1) a showing that the defendant has contacts related to or giving rise to the plaintiff's cause of action; (2) a showing that the defendant, through those contacts, purposefully availed itself of forum benefits; and (3) that the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there.   *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010).

The Complaint has not satisfied these requirements.   Plaintiff in no way demonstrates that EN Corp USA, a Texas corporation, somehow purposely availed itself of the privilege of conducting activities in this forum.   As is described above, Plaintiff has made no showing of any EN Corp USA contacts with Florida.   It has not alleged on what basis EN Corp USA could reasonably expect itself to be haled into a court here.   To attribute the actions of another party to EN Corp USA would violate the notions of fair play and substantial justice.   *Fraser*, 594 F.3d at 852 (a court "may not ascribe the forum contacts of one co-defendant to another in determining the existence of personal jurisdiction.").

### C. Plaintiff Fails to State a Claim Against EN Corp USA upon which relief can be granted

#### 1. Plaintiff fails to state a claim for breach of contract (Counts I and II)

Plaintiff asserts two breach of contract claims against EN Corp USA, one for the breach of the Escrow Agreement and one for the breach of the Settlement Agreement. Both counts cannot survive because EN Corp USA was not a party to either contract. Under Florida law, to establish a breach of contract claim, a Plaintiff must prove that "(1) a valid contract existed; (2) a material breach of the contract; and (3) damages." *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017). It is a basic premise of contract law that no valid contract can be formed, and "no person or entity is bound by a contract absent the essential elements of offer and acceptance (its agreement to be bound to the contract terms)…." *Leesburg Cmty. Cancer Ctr. v. Leesburg Reg'l Med. Ctr., Inc.*, 972 So. 2d 203, 206 (Fla. 5th DCA 2007). Because EN Corp USA never signed or initialed either agreement, and the Complaint is devoid of any allegations that EN Corp USA demonstrated its acceptance of either agreement in any other manner, it cannot be bound by these agreements.

The signature space for Mr. Garcia's signature in the Escrow Agreement bears the stamp and signature of ENCorp Switzerland, a distinct entity. As is clear from paragraphs 22 to 40 of the Garcia Declaration, Mr. Garcia never signed, initialed or otherwise communicated acceptance of the Escrow Agreement on behalf of EN Corp USA. Indeed, he did not even become aware of this transaction until April 2022, nearly 6 months after the Escrow Agreement was executed. ¶ 33. Nor did he, as the sole decision-maker for EN Corp USA, authorize anyone to sign, initial or otherwise communicate acceptance of the Escrow Agreement or the underlying transaction on behalf of ENCorp USA. ¶¶ 30, 35. He had never entered into any transactions with either Eliezer Nerenberg or Zeflon. ¶ 34. To the extent that Plaintiff alleges that Mr. Garcia's signature and/or

ENCorp USA's stamp appear on the signature page of the Escrow Agreement, to Mr. Garcia's great alarm, they were placed there without his knowledge, authorization or agreement.  ¶¶ 38-39. Significantly, while each page of the Escrow Agreement bears three sets of initials in the lower right corner, Mr. Garcia's initials are conspicuously missing.  ¶ 40.

EN Corp USA similarly never entered into the Settlement Agreement.  It is noteworthy that the Settlement contains a space for Mr. Garcia's signature and a separate space for the signature of Benjamin Zabary, the principal of ENCorp Switzerland.  The space afforded to Mr. Garcia's signature is empty.  Nor is EN Corp USA's seal present on the signature page.  No pages of the agreement bear Mr. Garcia's initials.  Garcia Declaration ¶¶ 41-44.  Indeed, EN Corp USA was no longer operational at the date of the Settlement Agreement.  ¶ 44.  Because neither Mr. Garcia nor any other agent of EN Corp USA signed the Settlement Agreement or otherwise agreed to it, EN Corp USA is cannot be bound by it.  *See Cooper* , 575 F.3d at 1169 (establishing the general rule that non-signatories are not bound to the terms of a contract); *K3 Enterprises, Inc. v. Sasowski*, 20–cv–24441, 2021 WL 8363506, at * 7 (S.D. Fla. Nov. 22, 2021) (dismissing breach of contract claims against non-signatory defendants for failure to state a claim against them).

### 2.   Plaintiff fails to state a claim for conversion (Count III)

Under Florida law, the elements of conversion are (1) dominion wrongfully asserted, (2) over another's property, (3) inconsistent with ownership. *Del Monte Fresh Produce v. Dole Food Company*, 136 F.Supp.2d 1271, 1294 (S.D. Fla. 2001). "However, 'a mere obligation to pay money, generally, may not be enforced by a conversion action.'" *Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc.*, 777 F.2d 1504, 1507 (11th Cir. 1985) (quoting *Douglas v. Braman Porsche Audi, Inc.*, 451 So. 2d 1038, 1039 (Fla. 3d DCA 1984)). *See also Misabec Mercantile, Inc. de Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*,

853 F.2d 834, 838 (11th Cir. 1988) (applying Florida law) ("[A] conversion action is not an appropriate means of vindicating a claim which essentially alleges breach of contract") (internal citation omitted).

Here, Plaintiff's claim simply seeks to enforce an obligation for a monetary payment pursuant to the terms of the Settlement Agreement. No separate actions or additional violations outside of that obligation are pleaded. Under Florida law, no separate tort of conversion can survive in these circumstances. To allow otherwise would permit Plaintiff to subvert well-established precedent in this jurisdiction and allow for additional recovery beyond standard contract law. As such, this count must be dismissed for failure to state a claim upon which relief can be granted.

### 3. Plaintiff fails to state a claim for civil theft (Count IV)

It is well-established that a cause of action for civil theft under Florida law derives from "two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section." *Ames v. Provident Life & Accident Ins. Co.*, 942 F. Supp. 551, 560 (S.D. Fla. 1994), *aff'd*, 86 F.3d 1168 (11th Cir. 1996). To establish a claim for civil theft, a plaintiff must show that a defendant knowingly obtained or used, or endeavored to obtain or to use, the property of another with intent to, either temporarily or permanently (a) deprive the other person of a right to the property or a benefit from the property; or (b) appropriate the property to his or her own use or to the use of any person not entitled to the use of the property. Fla. Stat. § 812.014(1). Additionally, it is necessary to demonstrate that the defendant acted with felonious intent to commit theft." *Id.*

As is the case with conversion, the Complaint fails to plead a cause of action for civil theft. Florida case law makes clear that "if there was no factual basis to support a claim for conversion, there can be no cause of action for civil theft." *Gasparini v. Pordomingo,* 972 So.2d 1053, 1056 (Fla. 3d DCA 2008).   As with conversion, courts in this jurisdiction do not permit for additional recovery in tort when the grievance is inherently rooted in a breach of contract. *Longhi v. AMG Fin. Group, Inc*., 19–cv–23047, 2020 WL 7481167, at *3 (S.D. Fla. Jan. 24, 2020), report and recommendation adopted, 19–cv–23047, 2020 WL 7481169 (S.D. Fla. Feb. 27, 2020).   "[A] plaintiff may not circumvent the contractual relationship by bringing an action in tort.")). *Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So. 2d 490, 495 (Fla. 3d DCA 1994).   A cause of action in civil theft can only survive if it goes "beyond, and [is] independent from, a failure with comply with the terms of a contract." *Gasparini*, 972 So. 2d at 1055–56 (Fla. 3d DCA 2008).

The wrongdoing alleged in this count for civil theft is identical to the wrongdoing alleged in the count for the breach of the Settlement Agreement, namely, the failure to refund the $217,000 previously released by the escrow agent.   As such, a breach of contract claim (against an appropriate party, not EN Corp USA) is the appropriate remedy here.   To allow this cause of action to survive would allow Plaintiff to circumvent the contractual relationship in place here -- the very eventuality that courts in Florida seek to prevent.   *Ginsberg*, 645 So. 2d at 495 (Fla. 3d DCA 1994)).   This cause of action must therefore be dismissed.

To the extent that Plaintiff somehow survives this insurmountable hurdle, this cause of action must be dismissed against EN Corp USA because the Complaint is devoid of any allegations of specific felonious intent on its part.   Without a showing of a specific intent to steal the property, a cause of action for civil theft cannot survive. *See City of Cars, Inc. v. Simms,* 526 So.2d 119, 120 (Fla. 5th DCA1988), *rev. denied,* 534 So.2d 401 (Fla.1988).   "Theft is a specific intent crime,

requiring actual knowledge on the part of the defendant." *Healy v. Suntrust Serv. Corp.*, 569 So.2d 458, 460 (Fla. 5th DCA 1990).  Given the severity of the behavior that this statutory tort is intended to check, general conclusory allegations, such as the ones present in Plaintiff's Complaint, are insufficient to state a cause of action for civil theft.  *Am. Seafood, Inc. v. Clawson*, 598 So.2d 273, 274 (Fla. 3d DCA 1992).

### 4.  Plaintiff fails to state any claims against EN Corp USA pursuant to the alter ego theory

Plaintiff's efforts to propound the alter ego doctrine as an alternative theory of liability against EN Corp USA on all four causes of action discussed above are futile and must be dismissed for reasons already analyzed above.   The same principles apply in considering whether Plaintiff succeeded in stating any claims upon which relief can be granted against EN Corp USA on the basis of the alter ego theory.  As mentioned, Plaintiff rests this entire theory of liability on the single conclusory allegation in paragraph 4 of the Complaint that EN Corp USA and ENCorp Switzerland are alter egos of each other.  As already discussed, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation… is not liable for the acts of its subsidiaries." *Clark v. Ashland, Inc.*, 2:13–cv–794, 2014 WL 2199643, at *3 (M.D. Fla. May 27, 2014).  To overcome this general presumption and show that corporations are alter egos of each other such that one is liable for the actions of another, a plaintiff must first allege that one corporation dominated and controlled the other corporation to such an extent that the corporation's independent existence was in fact nonexistent and the controlling corporation was, in fact, the alter ego of the controlled corporation. *S-Fer Int'l, Inc. v. Stonesheets, LLC,* 14–cv–24662, 2016 WL 8808749, at *4 (S.D. Fla. July 22, 2016) (citing <u>*Oginsky*</u>, 784 F. Supp. 2d at 1373.

A complaint that bases liability on the alter ego theory but fails to allege how one company wholly dominates and abuses the corporate form of another cannot survive.  S*tonesheets*, 2016 WL 8808749 (complaint dismissed against defendants found to be improper parties to the litigation under Florida's alter ego theory of piercing the corporate veil); *Oginsky*, 784 F. Supp. 2d at 1373-74 (dismissing a complaint against defendants when the complaint failed to allege the substantive elements required to pierce the corporate veil or plead any improper conduct in the formation and/or use of the corporation).  These principles are especially potent in the present circumstances, where the Garcia Declaration conclusively demonstrates that the entities in question are not a parent and subsidiary of each other and that EN Corp USA always operated independently of ENCorp Switzerland with full respect for corporate formalities.  As such, the present complaint must be dismissed in its entirety against EN Corp USA because it fails to plead the required elements of the alter ego doctrine.

## CONCLUSIONπ

For the foregoing reasons, EN Corp USA respectfully requests that the Court grant its motion to dismiss the Complaint against it in its entirety and with prejudice.

Dated: January 19, 2023

Respectfully submitted,

MAURICIO J. EJENBAUM
12865 W Dixie Hwy
2nd Floor
North Miami, FL 33161
Telephone: (305) 909-6100
Fax: (305) 892-8434
mje@mjelaw.com
Fla. Bar No: 295906

ASSERSON HILLER PC
Yisrael Hiller, *pro hac vice*
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 359 1669
Yisrael.Hiller@asserson.co.uk

*Attorneys for Defendant EN Corp USA*

16

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served on this 6th day of January 2023 by transmission of Notices of Service of Court Document generated by the ECF system to all parties registered to receive email in this case:

Menachem Mayberg, Esq.
Seltzer Mayberg, LLC
10750 NW 6th Court
Miami, Florida 33168
menachem@smfirm.com

Aryeh L. Kaufman, Esq.
Law Office of Aryeh Kaufman
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036
aryeh@akaufmanlegal.com

MAURICIO J. EJENBAUM
12865 W Dixie Hwy
2nd Floor
North Miami, FL 33161
Telephone: (305) 909-6100
Fax: (305) 892-8434
mje@mjelaw.com
Fla. Bar No: 295906