UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ZEFLON LLC.,

        Plaintiff,

v.

EN CORP USA, ENCORP SWITZERLAND
AG, and DOES 1 to 10, inclusive,

        Defendants.

CASE NO.: 22-CV-23661

### DECLARATION OF ENRIQUE GARCIA IN SUPPORT OF
### DEFENDANT EN CORP USA'S MOTION TO DISMISS

I, Enrique Garcia, hereby declare as follows:

1. I am over the age of 18 and I am otherwise competent to make this declaration. I am providing this declaration voluntarily.

2. All the statements herein are within my personal knowledge and are true and correct to the best of my knowledge.

3. I submit this declaration in support of EN Corp USA's Motion to Dismiss.

4. The following statements are true during the entire period at issue in the Complaint and currently.

**I.**    **Background**

5. I was the Chief Executive Officer of EN Corp USA. I have served in this capacity since 2019 and until EN Corp USA's closure in December 2021.

6. I ran EN Corp USA entirely on my own since EN Corp USA was incorporated. As such, I made all decisions for EN Corp USA, including with regard to the transactions into which EN Corp USA entered.

1



7. EN Corp USA was incorporated in Texas, with its principal place of business in El Paso, Texas.

8. EN Corp USA has not been in operation since December 2021. At that time, I made the decision to terminate the business, including dismissing all employees and closing down the company's bank account.

9. EN Corp USA's principal business had been the importing of medical supplies into the United States.

10. EN Corp USA did not operate, conduct, engage in, or carry on a business or business ventures in Florida. Nor does it have an office or agency in Florida.

### II. EN Corp USA and ENCorp Switzerland are distinct entities

11. EN Corp USA and ENCorp Switzerland are distinct business entities, with distinct goals and distinct operations.

12. Neither entity is a subsidiary or parent of the other.

13. EN Corp USA was incorporated in 2019, and ENCorp Switzerland was created in 2020.

14. Whereas ENCorp Switzerland focuses on the defense industry, the core of EN Corp's business was the importation of medical supplies into the United States.

15. EN Corp USA and ENCorp Switzerland have never had common stock ownership.

16. EN Corp USA and ENCorp Switzerland have never had common directors, officers or employees.

17. Whereas I have always run EN Corp USA entirely on my own, I have had no involvement with the running of ENCorp Switzerland. No one at ENCorp Switzerland had any involvement with the running of EN Corp USA.

18. No employee of ENCorp Switzerland is authorized to enter into transactions or execute any agreements on behalf of EN Corp USA.



19. EN Corp USA and ENCorp Switzerland have never filed financial statements or tax returns jointly.
20. EN Corp USA never funded ENCorp Switzerland in any capacity.
21. Nor has EN Corp USA ever received any funding from ENCorp Switzerland.
22. EN Corp USA never paid or received salaries from ENCorp Switzerland.
23. EN Corp USA had received some business referrals from ENCorp Switzerland but had never made any business referrals to ENCorp Switzerland.
24. EN Corp USA and ENCorp Switzerland do not share property.
25. EN Corp USA and ENCorp Switzerland always kept separate daily operations.
26. EN Corp USA always kept separate books and records from ENCorp Switzerland.
27. When I made the decision to terminate the operations of EN Corp USA, I did so independently and without any say from anyone at ENCorp Switzerland.

### III. EN Corp USA never signed, initialed or otherwise accepted the terms of the agreements at issue in the Complaint

28. I never signed, initialed or otherwise communicated acceptance of the October 27, 2021 Escrow Agreement with Zeflon that appears as Exhibit C to the Complaint ("Escrow Agreement").
29. I did not authorize anyone to sign, initial or otherwise communicate acceptance of the Escrow Agreement on behalf of EN Corp USA.
30. As I was the sole decision-maker for EN Corp USA, no one else could have authorized anyone else to sign, initial or otherwise communicate acceptance of the Escrow Agreement on behalf of EN Corp USA without my permission, which I never granted.
31. Only I had the authority to use the EN Corp USA corporate stamp.



32. I never authorized the October 2021 transaction that forms the basis of the Escrow Agreement on behalf of EN Corp USA. I was not consulted about this transaction in October 2021.

33. In fact, I did not become aware of this transaction until April 2022, when I received text messages about it from Eliezer Nerenberg.

34. I had never entered into any transactions with Eliezer Nerenberg or Zeflon.

35. I never authorized anyone else to enter into the transaction that forms the basis of the Escrow Agreement on behalf of EN Corp USA. As I was the sole decision-maker for EN Corp USA, no one else could have entered into the transaction that forms the basis of the Escrow Agreement on behalf of EN Corp USA without my permission, which I never granted.

36. EN Corp USA did not receive the $217,500 that, as I understand from the Complaint, was released by the Escrow Agent.

37. EN Corp USA did not benefit from the Escrow Agreement in any manner.

38. To the extent that my signature and/or EN Corp USA's stamp appears on the signature page of the Escrow Agreement, it was placed there without my knowledge, authorization or agreement.

39. I am very disturbed to have learned that my signature and EN Corp USA's stamp was used without my knowledge and permission. I cannot be certain as to how my stamp and signature were inserted into the Escrow Agreement but intend to find out.

40. It is noteworthy that each page of the executed Escrow Agreement bears three initials in the bottom right corner. Not one of these initials is mine. This is further proof that I did not enter into the Escrow Agreement on behalf of EN Corp USA.



41. Similarly, I never signed, initialed or otherwise communicated acceptance of the July 22, 2022 Settlement Agreement with Zeflon that appears as Exhibit A to the Complaint ("Settlement Agreement").

42. I did not authorize anyone to sign, initial or otherwise communicate acceptance of the Settlement Agreement on behalf of EN Corp USA.

43. As I was the sole decision-maker for EN Corp USA, no one else could have authorized anyone else to sign, initial or otherwise communicate acceptance of the Settlement Agreement on behalf of EN Corp USA.

44. In fact, EN Corp USA was no longer operational on July 22, 2022, the date of the Settlement Agreement. As such, En Corp USA could not have entered into the Settlement Agreement (or any agreement) in 2022.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 19 day of January 2023 in El Paso, Texas

Enrique Garcia

5