UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-23661-PCH

ZEFLON LLC.,

        Plaintiff,

v.

EN CORP USA, ENCORP
SWITZERLAND AG, and DOES 1 to 10,
inclusive,

        Defendants.
_____/

# DECLARATION OF ELIEZER NERENBERG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I, Eliezer Nerenberg, declare as follows:

1.      I am over the age of 18, and not a party to this action. I make this declaration based on my own personal knowledge. I am the CEO of Plaintiff Zeflon LLC ("Plaintiff") and I make this declaration in support of Plaintiff's opposition to Defendant EN Corp USA's ("Defendant" or "EN Corp USA") motion to dismiss.

2.      Plaintiff is a Delaware limited liability company that sold antigen kits throughout the United States during the pandemic. Plaintiff's principal place of business in Miami Beach, Florida.

3.      I am informed and believe that Defendant EN Corp USA is a corporation with its principal place of business in El Paso, Texas.

4.      I am informed and believe that Defendant Encorp Switzerland AG is a corporation with its principal place of business in Switzerland.

5.      I am informed and believe that both Defendants trade pharmaceutical products throughout the United States, China, and Europe.

1

6. On or about October 26, 2021, I caused Plaintiff to issue Purchase Order #1233 to EN Corp USA for five hundred thousand (500,000) units of Flowflex Rapid Antigen Over the Counter Kits (the "Antigen Kits") at $4.35 per unit.

7. In negotiating and coordinating the purchase order, I initially dealt with Benjamin Zabary, who represented himself as the owner of the company "Encorp." After the initial negotiations, Zabary then included Enrique Garcia, and said that Mr. Garcia ran the U.S. division of Encorp, to execute the necessary agreements to procure the antigen kits.

8. On or about October 27, 2021, Zeflon and EN Corp USA entered into an Escrow Agreement in which Zeflon agreed to deposit into the escrow account the sum of $2,175,000 (Two Million and One Hundred Seventy-Five Thousand Dollars)( the "Escrow Amount"), on the date of the Purchase Order, and EN Corp USA agreed to provide Zeflon with the Emergency Use Authorization ("EUA") documentation from the manufacturer of the Antigen Kits, with barcodes, lot numbers, and compliant disclosures along with the labels for each box that are compliant with U.S. FDA guidelines (hereinafter referred to as the "Escrow Agreement").

9. The Escrow Agreement was signed by official corporate stamp and signature of EN Corp USA and Encorp Switzerland AG on the signature line for Enrique Garcia, CEO of EN CORP USA.

10. Contrary to the assertions in Garcia's declaration that he was unaware of the Escrow Agreement, Garcia was included in the e-mail communications in October 2021 pertaining to the executed Escrow Agreement. Attached hereto as Exhibit A are true and correct copies of the e-mails Garcia received in October 2021.

11. As per Appendix A of the Escrow Agreement, upon the execution of the Escrow Agreement, Plaintiff allowed the Escrow Agent to release ten percent (10%) of the Escrow Amount to an account designated by Defendants.

12. The Escrow Agreement further provided that in the event that by no later than the close of business on the seventh (7th) business day after the funds are deposited into the Escrow Account, Defendants did not provide access for the physical inspection of the Antigen Kits or other instrument referred to in the Purchase Order, then on the next following business day, the full amount in the Escrow Account shall be returned to Zeflon by the Escrow Agent and the 10% balance shall be returned by Defendants.

13. After Plaintiff provided Defendants with multiple extensions to provide the inspection of the Antigen Kits' documentation, Defendants were unable to provide an inspection of the documentation or the actual Antigen Kits and failed to send the Antigen Kits within the prescribed period.

14. In or about December 2021, it became apparent to me that Defendants had misrepresented their ability to fulfill the Purchase Order and deceived Plaintiff into paying for products it never intended to provide. Attached hereto as Exhibits B and C are true and correct copies of communications I had with Enrique Garcia and Benjamin Zabary in December 2021.

15. Based on my communications with the principals of EN Corp USA and Encorp Switzerland, it is apparent that the two entities are part of the same company with the practice of executing agreements on behalf of each other.

16. As Defendants failed to fulfill their obligations under the Escrow Agreement, Plaintiff demanded the Escrow Agent return its funds, which were released.

17. However, to date, all Defendants have failed to return Plaintiff's $217,000 they received from the Escrow Agent within the prescribed period.

18. Defendants had been contractually obligated to use the Escrow Amount to provide Antigen Kits, which they failed to do so, instead converting the funds to their own purpose.

19. Plaintiff requested the refund of the initial amount of $217,000 and the parties agreed to a payment schedule through a settlement agreement (the "Settlement Agreement"), believing that a pre-litigation settlement would be in their respective best interests.

20. The Settlement Agreement states that it is between Zeflon LLC and EN Corp USA and was executed on July 21, 2022 by official corporate stamp of Encorp Switzerland AG.

21. I sent the Settlement Agreement to Enrique Garcia, CEO of EN Corp USA on July 25, 2022.

22. To settle all disputes arising out of and relating to the damages sustained by Plaintiff, Plaintiff and EN Corp USA agreed as follows, "Upon execution En Corp shall pay, and Zeflon shall receive a Settlement Payment in the amount of $217,000 (the "Settlement Payment"). The Settlement Payment shall be made as follows: (i) En Corp shall pay $50,000 per month ("Monthly Installments") to Zeflon until $217,000 (the "Principal") is paid in full to Zeflon[;] (ii) En Corp shall make the Monthly Installments on the 15th day of each month, with a five (5) day grace, with the first payment due on or before July 31, 2022[.]"

23. As of July 31, 2022, Defendants failed to make the first monthly installment.

24. Defendants did not cure their failure to pay the first monthly installment during the cure period. The releases in the Settlement Agreement were only effective upon the full payment of the $217,000.

4

25. Per the Settlement Agreement of July 22, 2022, Plaintiff and Defendants consented to the exclusive jurisdiction of any U.S. Federal or Florida State Court sitting in Miami-Dade County, in any dispute, action, litigation or other proceeding relating in any way to the Settlement Agreement, and agreed that any dispute, action, litigation or other proceeding shall be brought by it solely in any such court.

26. Plaintiff, through its counsel, sent a statutory letter pursuant to Florida Statute section 772.11, demanding that EN Corp pay treble damages in the amount of $651,000 to Plaintiff in accordance with said statute.

27. To date, Defendants have failed to pay Plaintiff any of the monies demanded in the statutory letter.

28. Plaintiff filed its Complaint on November 8, 2022, alleging causes of action for Breach of the Escrow Agreement; Breach of the Settlement Agreement; Conversion; and Civil Theft.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 2nd day of February 2023, in Miami Beach, Florida.

By: *Eliezer Nerenberg*
Eliezer Nerenberg, Declarant