# Exhibit A

**Subject**: Fw: Executed agreement
**From**: Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**To**: Aryeh Kaufman <aryeh@akaufmanlegal.com>
**Date Sent**: Friday, January 20, 2023 9:59:46 AM GMT-08:00
**Date Received**: Friday, January 20, 2023 9:59:50 AM GMT-08:00

----- Forwarded Message -----
**From:** David Aboudi <david@aboudilegal.com>
**To:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>; liana nextepconsultants. com <liana@nextepconsultants.com>
**Cc:** Benjamin Zabary <bz@encorp.llc>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>; Lewis Lurie <lewis92363@gmail.com>
**Sent:** Thursday, October 28, 2021 at 01:38:31 PM EDT
**Subject:** RE: Executed agreement

Ok we are good to go


David Aboudi, Partner

**Aboudi Legal Group PLLC**

745 Fifth Avenue, Suite 500

New York, NY 10151

Tel: (646) 768-4285

Cell:  +972-523-983-707

*Email:* David@aboudilegal.com

*The information transmitted is intended only for the use of the person or entity to which it addressed and may include information that is privileged and/or confidential. If you are not the intended recipient, please note that any dissemination, distribution, duplication or other use of this information  is strictly prohibited. If you are not the intended recipient, please immediately notify us by return e-mail and delete this e-mail*

---

**From:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**Sent:** Thursday, 28 October 2021 20:24
**To:** liana nextepconsultants. com <liana@nextepconsultants.com>; David Aboudi <David@aboudilegal.com>
**Cc:** Benjamin Zabary <bz@encorp.llc>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>; Lewis Lurie <lewis92363@gmail.com>
**Subject:** Re: Executed agreement


Eliezer Nerenberg - 50%

Lewis Lurie 50%


yes we are in good standing :)


eliezer

On Thursday, October 28, 2021, 01:15:35 PM EDT, David Aboudi <david@aboudilegal.com> wrote:

Eliezer

Are you the sole equity holder of Zeflon or are there other equity holders? Please refer to that question on the KYC

Can you please confirm that LLC is in good standing in Delaware?

David Aboudi, Partner

**Aboudi Legal Group PLLC**

745 Fifth Avenue, Suite 500

New York, NY 10151

Tel: (646) 768-4285

Cell:  +972-523-983-707

*Email:* David@aboudilegal.com

*The information transmitted is intended only for the use of the person or entity to which it addressed and may include information that is privileged and/or confidential. If you are not the intended recipient, please note that any dissemination, distribution, duplication or other use of this information  is strictly prohibited. If you are not the intended recipient, please immediately notify us by return e-mail and delete this e-mail*

**From:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**Sent:** Thursday, 28 October 2021 20:01
**To:** liana nextepconsultants. com <liana@nextepconsultants.com>
**Cc:** Benjamin Zabary <bz@encorp.llc>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>; David Aboudi <David@aboudilegal.com>
**Subject:** Re: Executed agreement

Hello,

See the KYC attached along with the formation document. I also have attached the updated PO to reflect the $4.35 price.

please confirm that all is good here?

Thanks, eliezer

On Wednesday, October 27, 2021, 05:06:16 PM EDT, liana nextepconsultants. com <liana@nextepconsultants.com> wrote:

Eliezer,

Attached please find the executed escrow agreement. We are all happy to see this relationship begin.

Please send the bank confirmation for initiating the escrow so we can move forward tomorrow morning Israel time, and please do not forget to fill the required KYC.

I thin this is the beginning of a long successful business relationship and I am happy to be a part of it.

Best,

Liana

**Subject**: Fw: Flowflex
**From**: Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**To**: Aryeh Kaufman <aryeh@akaufmanlegal.com>
**Date Sent**: Friday, January 20, 2023 9:57:28 AM GMT-08:00
**Date Received**: Friday, January 20, 2023 9:57:34 AM GMT-08:00
**Attachments**: Escrow Agreement - Flowflex - Revised.docx

----- Forwarded Message -----
**From:** David Aboudi <david@aboudilegal.com>
**To:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>; zeflon18@gmail.com <zeflon18@gmail.com>; Liana Foksheneanu <liana.fo@gmail.com>
**Cc:** Benjamin Zabary <bz@sky-pick.com>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>
**Sent:** Tuesday, October 26, 2021 at 01:28:33 PM EDT
**Subject:** RE: Flowflex

Hi

Please see attached revisions to the agreement and also note Appendix A

David Aboudi, Partner

**Aboudi Legal Group PLLC**

745 Fifth Avenue, Suite 500

New York, NY 10151

Tel: (646) 768-4285

Cell:  +972-523-983-707

*Email:* [David@aboudilegal.com](mailto:David@aboudilegal.com)

*The information transmitted is intended only for the use of the person or entity to which it addressed and may include information that is privileged and/or confidential. If you are not the intended recipient, please note that any dissemination, distribution, duplication or other use of this information is strictly prohibited. If you are not the intended recipient, please immediately notify us by return e-mail and delete this e-mail*

**From:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**Sent:** Tuesday, 26 October 2021 17:48
**To:** zeflon18@gmail.com; Liana Foksheneanu <liana.fo@gmail.com>
**Cc:** Benjamin Zabary <bz@sky-pick.com>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>; David Aboudi <David@aboudilegal.com>
**Subject:** Re: Flowflex

Hello team,

see attached. We are ready to go.

Please be advised that we removed the 10% release from the agreement as it wasn't clear and that really that belongs in Appendix A which outlines the release/s. Can you please have your lawyer prepare Appendix A?

Ill await your final version along with the Appendix. Please make sure that your lawyer redlines any changes.

Also we have a couple questions regarding some litigation that's currently open and active against EN Corp so hopefully Anchi can resolve that in person while he is visiting Benjamin.

Thanks, eliezer

561.572.1314

On Thursday, October 21, 2021, 05:49:02 PM EDT, Liana Foksheneanu <liana.fo@gmail.com> wrote:

Dear Eliezer,

Thank you for the professional, efficient, and fruitful discussion today.

I have sent everything on our WhatsApp group, and as promised I attach the Escrow Agreement and required KYC. The Escrow account details follow here below.

WIRE TRANSFER INFORMATION

ENCORP

ACCOUNT NUMBER: 1503722360

DOMESTIC WIRES:

ROUTING (RTN/ABA): 0260113576

INTERNATIONAL:

SWIFT/BIC CODE: SIGNU33

BENEFICIARY:

Aboudi Legal Group LLC

BANK NAME:

Signature Bank

ADDRESS:

565 Fifth Avenue

New York, NY 10017

EN Corp USA adress for the PO: 1200 Golden Key Circle, Ste. 235, El Paso, TX 79925

Due to the time differences, we are awaiting your Purchase Order and escrow as soon as possible to enable us to deliver the first shipment of Flexflow antigen kits by next week.

We look forward to our close and mutually beneficial cooperation.

Best regards,

Liana

## ESCROW AGREEMENT

This **ESCROW AGREEMENT** (this "**Agreement**") is made and entered into as of October 26, 2021 by and among **EN Corp USA,** a Texas corporation ("**Seller**"), **Zeflon, LLC**, a Delaware limited liability company (the "**Purchaser**"), and **Aboudi Legal Group PLLC** (the "**Escrow Agent**").

**WHEREAS,** the Purchaser is interested to purchase from Seller, and the Seller is interested to sell to Purchaser, an initial order of five hundred thousand (500,000) units of Flowflex Rapid Antigen Over the Counter kits (the "Antigen kits") at $4.35 per unit, and, in furtherance thereof, Purchaser will deposit in the Escrow Account maintained by the Escrow Agent the sum of TWO MILLION AND ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($2,175,000) (the "**Escrow Amount"**) on the date of the Purchase Order relating thereto is signed (the "**Purchase Order**").

**WHEREAS**, the Seller agrees to provide buyer with the Emergency Use Authorization ("EUA") documentation from the manufacturer of theses Antigen Kits, with barcodes, lot numbers, and compliant disclosures along with the labels for each box, that attest to these specific Antigen Kits being fully compliant with U.S. FDA guidelines so that the Purchaser can sell, distribute and pass any U.S. FDA inspections, or any other U.S. government inspections here locally in the USA.

**WHEREAS**, the parties to this Agreement desire to establish the terms and conditions pursuant to which the Escrow Amount will be deposited, held and released.

**NOW, THEREFORE**, the parties, intending to be legally bound, agree as follows:

Capitalized terms used in this Agreement and not otherwise defined shall have the meanings given them in the Purchase Agreement.

1. <u>Appointment of Escrow Agent</u>. Purchaser and Seller hereby appoint the Escrow Agent to act as escrow agent on the terms and conditions set forth herein and the Escrow Agent hereby accepts such appointment on such terms and conditions.

2. <u>Deposit and Receipt of the Escrow Amount</u>.

    a. Upon execution and delivery of the Purchase Order, the Purchaser shall wire to the Escrow Agent the Escrow Amount. The parties acknowledge and agree that the Escrow Amount shall be dealt with only in accordance with the terms and conditions of this Agreement.

    b. The Escrow Agent shall deposit all funds received hereunder in the Escrow Agent's attorney IOLTA escrow account at Signature Bank or at such other bank at which the Escrow Agent then maintains other IOLTA escrow accounts.

    c. The Escrow Agent confirms that it has no ownership interest in the Escrow Amount, but is serving as an escrow holder only, and will have possession of such Escrow Amount only in accordance with the terms and conditions of this Escrow Agreement.

3. <u>Release of Escrow Amount</u>. The Escrow Agent shall release the Escrow Amount as provided in **Appendix A**

4. <u>Termination of Escrow Agreement</u>.

   a. <u>Termination on Direction</u>. Other than the provisions of this Agreement relating to the protection of the Escrow Agent, this Agreement may be terminated at any time by and upon the receipt by the Escrow Agent of written notice of termination executed by the Seller and the Purchaser, which notice of termination may only be given and shall only be effective if it includes therein a direction that the Escrow Amount is to be paid to Purchaser (the "**Direction**").

   b. <u>Termination on Release of Escrow Amount</u>. This Agreement shall terminate and cease to be of any further force and effect (except for the provisions of this Agreement relating to protection of the Escrow Agent which shall survive any termination of this Agreement) on the date on which the Escrow Agent has properly delivered the Escrow Amount in accordance with Sections 3, 4.a., or 9 of this Agreement.

5. <u>Escrow Agent Not Required to Make Determination.</u> The Escrow Agent shall not be required to make any determination or decision with respect to the validity of any claim made by any party, or of any denial thereof (including without limitation the validity of any Direction or Release Notice given hereunder), and shall be entitled to rely conclusively on the terms thereof; provided, that under no circumstances shall the Escrow Agent release the Escrow Amount to the Seller or any other individual or entity (other than the Purchaser) unless the Escrow Agent has received a Release Notice from the Purchaser, and signed by the Purchaser.

6. <u>Duties and Liability of the Escrow Agent</u>.

   a. The Escrow Agent will perform such duties as are specifically set forth in this Agreement only, and it will have no duty in its capacity as the Escrow Agent under any other agreement or document notwithstanding their being referred to herein or attached hereto as exhibits.

   b. The Escrow Agent shall:

   i. not be liable for any expense in connection with any tax, fee and/or commission of any kind in connection with the Escrow Amount and/or relating to any other provision herein contained;

   ii. not be responsible to inquire into the authenticity or genuineness of any signature or document presented to it pursuant to this Agreement and may rely conclusively upon and shall be protected in acting upon any advice, judicial order or decree, certificate, notice, request, consent, statement, instruction or other instrument believed by it in good faith to be genuine or to be signed or presented by the proper person hereunder, or duly authorized by such person or properly made, as long as Escrow Agent determines, based on a previously submitted signature, that the signature of the Purchaser is on the document presented to the Escrow Agent;

   iii. not be responsible for any of the agreements contained herein except the performance of its duties as expressly set out herein;

   iv. be entitled to retain counsel and to act in reliance upon the advice of such counsel in all matters pertaining to this Agreement, and shall not be liable for any action taken or omitted by it in good faith in accordance with such advice; and

   v. not be bound by any notice of, or demand with respect to, any waiver, modification, amendment, termination, cancellation or rescission of this Agreement, unless in writing and signed by Seller and the Purchaser, and if the duties of the Escrow Agent are affected thereby, unless the Escrow Agent shall have given its prior written consent thereto.

  c. In the event of any controversy or dispute hereunder or with respect to any question as to the interpretation or performance of this Agreement, or any action to be taken by the Escrow Agent hereunder, the Escrow Agent shall incur no liability for any action taken or suffered in good faith and in accordance with the terms of this Agreement, its liability hereunder to be limited solely to gross negligence or willful misconduct on its part (which, for the avoidance of doubt, shall include any breach of this Agreement).

7. <u>Resignation and Replacement of Escrow Agent</u>. The Escrow Agent or any successor escrow agent (duly appointed in accordance with the terms hereof) may resign at any time by giving seven (7) business days prior written notice of resignation to the Seller and the Purchaser, such resignation to be effective on the date specified in such notice. In the event the position of the Escrow Agent shall become vacant for any reason, including, without limitation, resignation or removal, Seller and the Purchaser may agree, by an instrument or instruments in writing delivered to such successor escrow agent and the retiring Escrow Agent. Seller and the Purchaser shall have the right to remove the Escrow Agent from its position as escrow agent, at any time, for any or no reason. Upon the appointment of any successor, such successor escrow agent shall immediately execute, acknowledge and deliver to each of the parties hereto, an instrument accepting such appointment. Upon execution of such instrument, the successor escrow agent without further act shall succeed to all the rights and obligations of the retiring Escrow Agent hereunder as if originally named herein, and the retiring Escrow Agent will duly wire to such successor escrow agent the Escrow Amount and all of the other rights at the time held by the retiring Escrow Agent hereunder provided the retiring Escrow Agent shall have received payment in full of all expenses owing to it hereunder. Any successor escrow agent shall be subject to removal in the same manner as aforesaid. If notwithstanding the receipt of a notice of resignation from the Escrow Agent, Seller and the Purchaser shall fail to appoint a successor escrow agent by the effective date of resignation set forth in such notice (which such effective date is at least seven (7) business days following delivery of such written notice of resignation), the agency created by this Escrow Agreement shall thereupon be terminated in any event and the Escrow Agent shall be discharged from any further duties hereunder; provided that the Escrow Agent may retain the

        Escrow Amount and on a merely safekeeping basis until such time as a successor escrow agent is appointed.

8. <u>Payment of Escrow Amount into Court</u>. In the event of any disagreement between Seller and the Purchaser which in the reasonable opinion of the Escrow Agent may result in adverse claims or demands with respect to the Escrow Amount or if any of the parties hereto, including the Escrow Agent, are in disagreement about the interpretation of this Agreement or about rights and obligations of the Escrow Agent or the propriety of an action contemplated by the Escrow Agent under this Agreement, the Escrow Agent, may at its option, deposit the Escrow Amount with the Federal Court of the State of New York located in the Borough of Manhattan in New York City (the "**Court**"). Upon the Escrow Agent making such deposit, such Escrow Agent shall be discharged and released of its duties and obligations hereunder. The Escrow Agent shall be indemnified by Seller and the Purchaser in any such action, interpleader or any other action or proceeding for all costs, expenses and fees in its capacity as Escrow Agent in connection with any such deposit or any action brought in connection with this Agreement.

9. <u>Statements of Facts or Recitals.</u> The Escrow Agent shall not be liable for or by reason of any statements of fact or recitals in this Agreement and all such statements and recitals are and shall be deemed to be made by the other parties to this Agreement. For the avoidance of doubt, for these purposes, any terms used in this Agreement that are defined in the recitals to this Agreement but that are also used in the other provisions of this Agreement shall be deemed to have been defined in the other provisions of this Agreement.

10. <u>Proceeds of Crime Legislation.</u> The parties hereto acknowledge that subject to certain exclusions that may apply, the Escrow Agent may be required under the provisions of applicable law to obtain and review certain personal documentation (e.g. passports, drivers licenses, etc.) of the individuals that are authorized to provide the Escrow Agent with instructions relating to the operation of applicable accounts.

11. <u>Notices</u>. All notices, requests, claims, demands and other communications hereunder shall be in writing and shall be given (and shall be deemed to have been duly given if so given) by hand delivery, cable, telecopy or mail (registered or certified, postage prepaid, return receipt requested) to the respective parties hereto at their designated address/

12. <u>Governing Law</u>. This Agreement and all disputes or controversies arising out of or relating to this Agreement or the transactions contemplated hereby shall be governed by, and construed in accordance with, the internal Laws of the State of Texas, without regard to the Laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Texas.

EACH OF THE PARTIES TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM

ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

13. <u>Counterparts; Facsimile</u>. This Agreement may be executed in counterparts, including by facsimile or PDF electronic transmission, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

14. <u>Interpretation</u>. The parties acknowledge and agree that this Agreement has been negotiated at arm's length and among parties equally sophisticated and knowledgeable in the matters covered hereby. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the party that has drafted it is not applicable and is hereby waived.

15. <u>Entire Agreement; Amendments</u>. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all other prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof and, except as expressly set forth herein, is not intended to confer upon any person other than the parties hereto any rights or remedies hereunder. This Agreement may be amended only by a written instrument duly executed by the parties hereto or their respective permitted successors or assigns.

16. <u>Severability</u>. If any term, provision, covenant or restriction of this Agreement is held by a court of competent jurisdiction or other authority to be invalid or unenforceable, the remainder of the terms, provisions, covenants and restrictions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding. The parties agree that the court making any such determination of invalidity or unenforceability shall have the power to reduce the scope, duration or area of, delete specific words or phrases in, or replace any such invalid or unenforceable provision with one that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable provision, and this Agreement shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

17. <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; provided that this Agreement (and any of the rights, interests or obligations of any party hereunder) may not be assigned by any party without the prior written consent of the other parties hereto (such consent not to be unreasonably withheld). Any purported assignment of a party's rights under this Agreement in violation of the preceding sentence shall be null and void.

18. <u>No Waiver</u>. Any waiver by any party hereto of a breach of any provision of this Agreement shall not operate as or be construed to be a waiver of any other breach of such provision or of any breach of any other provision of this Agreement. The failure of a party hereto to insist upon strict adherence to any term of this Agreement on one or more occasions shall not be considered a waiver or deprive that party of

the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

19. <u>Headings</u>. The section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

*[Signature Page to Follow]*

IN WITNESS WHEREOF, the undersigned have each caused this Agreement to be executed as of the date first written above by their respective duly authorized representatives.

SELLER:
**EN CORP USA**


By: _____
Name:
Title: CEO


PURCHASER:
**ZEFLON, LLC**


By: _____
Name:
Title: CEO


ESCROW AGENT:
**ABOUDI LEGAL GROUP PLLC**


By:_____
Name: David Aboudi, Esq.
Title: Partner

## Appendix A

The Escrow Amount shall be released from escrow and wired to an account designated by the Seller as follows:

(i) Upon execution of the Purchase Order and the Escrow Agreement, ten percent (10%) of the Escrow Account (i.e., $217,500) shall be released to an account designated by the Seller without any further action by the Purchaser. The execution by the Purchaser of the Escrow Agreement shall operate as the Purchaser's authorization to release the 10% amount.

(ii) The balance of the Escrow Amount shall be released to an account designated by the Seller upon receipt of notice, in written form, from the Purchaser that the Purchaser has completed to Purchaser's satisfaction the inspection of the Antigen Kits (the at the Seller's warehouse in New York.

**Subject**: Fw: Flowflex
**From**: Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**To**: Aryeh Kaufman <aryeh@akaufmanlegal.com>
**Date Sent**: Friday, January 20, 2023 9:58:26 AM GMT-08:00
**Date Received**: Friday, January 20, 2023 9:58:30 AM GMT-08:00


----- Forwarded Message -----
**From:** Benjamin Zabary <bz@sky-pick.com>
**To:** Eliezer Nerenberg <eliezernerenberg@yahoo.com>
**Cc:** "zeflon18@gmail.com" <zeflon18@gmail.com>; Liana Foksheneanu <liana.fo@gmail.com>; Nate Salomon <ns@sky-pick.com>; Enrique Garcia <e.garcia@encorp.llc>; David Aboudi <David@aboudilegal.com>
**Sent:** Tuesday, October 26, 2021 at 12:33:52 PM EDT
**Subject:** Re: Flowflex

Correct ,
Even though I paid the bill

נשלח מה-iPhone שלי

ב-26 באוק׳ 2021, בשעה 19:22, Eliezer Nerenberg <eliezernerenberg@yahoo.com> כתב/ה:


By the way we based on benjamin's and Anchi's meeting today we will have to amend these docs to reflect a $4.35 purchase price

Thanks

Sent from my iPhone

> On Oct 26, 2021, at 10:47 AM, Eliezer Nerenberg <eliezernerenberg@yahoo.com> wrote:
>
> Hello team,
>
> see attached. We are ready to go.
>
> Please be advised that we removed the 10% release from the agreement as it wasn't clear and that really that belongs in Appendix A which outlines the release/s. Can you please have your lawyer prepare Appendix A?
>
> Ill await your final version along with the Appendix. Please make sure that your lawyer redlines any changes.
>
> Also we have a couple questions regarding some litigation that's currently open and active against EN Corp so hopefully Anchi can resolve that in person while he is visiting Benjamin.
>
> Thanks, eliezer
>
> 561.572.1314
>
>
>
> On Thursday, October 21, 2021, 05:49:02 PM EDT, Liana Foksheneanu <liana.fo@gmail.com> wrote:
>
> Dear Eliezer,
> Thank you for the professional, efficient, and fruitful discussion today.

I have sent everything on our WhatsApp group, and as promised I attach the Escrow Agreement and required KYC. The Escrow account details follow here below.

WIRE TRANSFER INFORMATION
ENCORP
ACCOUNT NUMBER: 1503722360
DOMESTIC WIRES:
ROUTING (RTN/ABA): 0260113576
INTERNATIONAL:
SWIFT/BIC CODE: SIGNU33
BENEFICIARY:
Aboudi Legal Group LLC
BANK NAME:
Signature Bank
ADDRESS:
565 Fifth Avenue
New York, NY 10017

EN Corp USA adress for the PO: 1200 Golden Key Circle, Ste. 235, El Paso, TX 79925

Due to the time differences, we are awaiting your Purchase Order and escrow as soon as possible to enable us to deliver the first shipment of Flexflow antigen kits by next week.

We look forward to our close and mutually beneficial cooperation.
Best regards,
Liana

<EN Corp PO.pdf>
<Escrow Agreement - Flowflex - Revised.docx>